RICHARD B. GRIFFIN ET AL v. JOEL P. GRIFFIN.

[46 South. 945.]

REPLEVIN. *Trial. Instruction. Assumption of fact.*

The plaintiff in replevin claiming the property under a sale, an instruction for defendant is erroneous which designates the sale as a "pretended" one, and constitutes reversible error where the case is a close one on the facts.

FROM the circuit court of Forrest county.

HON. WILLIAM H. COOK, Judge.

Richard B. Griffin and others, appellants, were plaintiffs in the court below; Joel P. Griffin, appellee, was defendant there. The action was replevin, involving title to personal property.

Plaintiffs claimed to have acquired title to the property by purchase from Homer F. Griffin and David H. Ravesies. From a judgment in defendant's favor plaintiffs appealed to the supreme court. A specific statement of the facts is wholly unnecessary in view of the decision reached by the supreme court.

Instructions No. 3 given for defendant, and No. 7, asked by plaintiffs but refused by the court, were as follows:

No. 3: "The court further instructs the jury in this case that if they believe from the testimony in this case that the defendant came into possession of the property lawfully, and that it was in his possession at the time of the alleged sale by Homer F. Griffin and David H. Ravesies, to plaintiffs, and that defendant used the said property and treated it as his own for some time prior to the date of the said pretended sale, that this is a circumstance to be, and may be considered by the jury in determining whether the said property belongs to the defendant in this case."

No. 7: "The court instructs the jury, for the plaintiffs, that unless they believe from the evidence that Homer F. Griffin and David H. Ravesies, on or about April 27, 1907, sold and delivered the property involved in this suit to the defendant, Joel P. Griffin, for a valuable consideration, then the jury must find for the plaintiffs."

*Stevens, Stevens & Cook* and *Watkins & Watkins,* for appellants.

The defendant utterly failed to show any consideration for a purchase. He admits he paid nothing in cash either to Homer F. Griffin or to Ravesies. He did not show wherein Ravesies was indebted to him on or about April 27th, and does not attempt to assert that the mules were turned over to him in consideration of the cancellation of an indebtedness. Upon the theory of purchase the defense must fail for want of consideration. At any rate the court erred in refusing to grant appellants' instruction No. 7, which was designed to submit to the

jury the question as to whether or not there was a sale to the defendant for a valuable consideration.

Instruction No. 3, granted for defendant is erroneous because there is no evidence that the property was in the actual possession of the defendant or that he had treated it as his own, and because the wards "pretended sale" appear therein.

*W. S. Pierce,* for appellee.

"The plaintiff in a replevin action must recover on the strength of his own title or right of possession, and not on the weakness of his adversary's title or right of possession, and the defendant may defeat the action by showing title even in a third person." *Robb v. Dobrinski,* 14 Okla. 563 ; 1 Am. & Eng. Ann. Cases, 981, particularly that part of the note to the case on page 986.

We respectfully submit that instruction No. 7, as asked for by plaintiffs (appellants here) was properly refused for it was in effect an attempt to instruct the jury that they might rely upon the weakness of defendant's title to strengthen the title of plaintiffs, which can never be done. See cases cited *supra.*

The instructions given appellee announce the law correctly as to the points intended to be covered. and appellants cannot say that any one of them could have in any manner misled the jury.

CALHOON, J., delivered the opinion of the court.

Without going into a statement of the facts pro and con developed in evidence in this case, we say that it is exceedingly close indeed on the testimony, to say the least of it, and presents such a condition that the court should have been exceedingly cautious in acting on instructions. In some cases the action of the court on instructions would not be regarded as reversible, while in other cases reversals should be ordered. On the record before us we think it was error to grant the third instruction asked by the defendant, because that charge seems to adjudicate

as matter of law that the sale under which the appellants claim' was a "pretended sale." This seems to assume for the defendant below that this, the very sale on which he relied, was not a *bona fide* sale. We also think, under all of the testimony in this case, that instruction No. 7, asked by the plaintiffs below, should not have been refused.

*Reversed and remanded.*